(No. 75-CV-218—)

ROBERT H. STEIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

ROBERT H. STEIN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

**PER CURIAM.**

This claim arises out of a criminal offense that occurred on September 15, 1974, near 1047 North Keeler Avenue, Cook County, Chicago, Illinois. Robert H. Stein, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Robert H. Stein, age 48, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4.*)

2. That on September 15, 1974, at approximately 11:00 p.m., the claimant was attacked by a man with a hammer as he was walking near 1047 North Keeler, Chicago, Illinois. Claimant's leg was broken as he struggled. The offender then took claimant's wallet and fled the scene.

3. That the claimant went home and called the Chicago Police. Claimant was taken to St. Anne's Hospital by police squadron where he was treated for his

injuries by Dr. Henry Bernstein. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

4. That statements, taken by the police investigators shortly after the crime was committed, present no evidence that the claimant's injuries were in any way attributable to his wrongful act or the substantial provocation of his assailant.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant and fully cooperated with their requests for assistance in the apprehension and prosecution of the assailant. However, the assailant has not been identified at this time.

7. That the claimant seeks compensation for medical and hospital expenses only.

8. That the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $2,870.15 |
| 2) | Medical | 480.00 |
| | | $3,350.15 |

9. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

10. That, in the claim before us, the claimant has not received benefits from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶8, leaves a loss compensable under the Act of $3,150.15. Hence, the claimant is entitled to an award in the amount of $3,150.15.

IT IS HEREBY ORDERED that the total sum of $3,150.15 (THREE THOUSAND ONE HUNDRED FIFTY DOLLARS AND FIFTEEN CENTS) be awarded the claimant, Robert H. Stein, the victim of a violent crime.